McCauley, J.
Counsel for Smith, the plaintiff below, claim, upon the facts stated in the petition, that he was entitled to a vendor’s lien, and that such a lien between the parties is a continuing and subsisting trust, and not within the operation of the statute of limitations.
Smith held the title of the lands as trustee for O’Connor, and when he made his deed to O'Connor he merely executed the trust.
A vendor’s lien arises only upon a sale of lands, and results from the equity, that while the vendee holds the lands with the purchase money unpaid, he holds subject to a lien for its security and payment. No sale is alleged here, and no state of fact out of which a vendor’s lien could arise. Smith held the legal title as security for his advances and services, and when he eonvetyed to O’Connor, without receiving the money due him, O’Connor held the land discharged of any lien whatever. No lien could arise upon the agreement for a lien stated in the petition. Upon Ihe failure of O’Connor to pay Smith the amount agreed upon to be paid at the time of the conveyance of the land, Smith could have made this debt a charge or lien upon the lands, by a proper action against O'Connor for that purpose, and this was the only way in which the lands could have been charged with the debt due to Smith.
Smith not having a vendor’s lien, the question whether a vendor’s Hen is a continuing and subsisting trust, and so *217 not within tbe operation of the statute of -limitations, becomes of no consequence.
Smith had only an equity in -the lands arising from tbe manner of their dealing in reference to them, to subject, them by action to the payment of the money due him.
There is no averment in the petition, that he had any agreement, contract, or promise in writing, for the amount due him from O’Connor. It was, then, money due upon a contract not in writing; and, as a claim for money was limited to six years, as a claim for relief against the constructive fraud of- O'Connor in failing to pay the amount due Smith at the time of the conveyance, it was probably limited to four years. The action below was not commenced until more than eight years after the conveyance to O’Con-nor and his failure to pay the amount owing to Smith ; and whether the claim was sought to be enforced as a claim for money, or for equitable relief, the remedy was not sought within the time limited to either of such actions.
Judgment of district court reversed, and that of superior court affirmed.